IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DESSIE MARIE ANDREWS, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:20-CV-0608-LY |
| § | |
| GREG ABBOTT, SARAH ECKHARDT, § | |
| And STEVE ADLER) § | |
|    Defendants. § | |

**DEFENDANT MAYOR STEVE ADLER'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION & FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE LEE YEAKEL:

COMES NOW Defendant Steve Adler, Mayor of the City of Austin, and files his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12 (b)(6) in response to Plaintiff's Original Complaint. The Court should dismiss Plaintiff's claims against Mayor Adler for the following reasons: This court lacks subject matter jurisdiction over Plaintiff's claims against Mayor Adler in his individual capacity by virtue of his official immunity; Mayor Adler is entitled to statutory immunity to all Plaintiff's state law claims against him; and lastly, Plaintiff lacks standing to bring all her remaining claims because she alleged no concrete and particularized injury and alleged no violation of any clearly established constitutional right.

The court should also dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted because each of her claims lacks essential elements, plausibility, or both.

In support, Defendant respectfully shows the Court as follows:

**I.    BACKGROUND AND CLAIMS**

*Procedural history*

On June 8, 2020, Plaintiff Dessie Andrews filed a complaint against the governor of Texas, Mayor of the City of Austin, Texas, and (then) County Judge Sarah Eckhardt alleging various claims stemming from actions taken by the City, County, and State officials in response to the COVID-19 public health pandemic.  On June 18, 2020, Defendant Governor Greg Abbott filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted.  Plaintiff thereafter filed an Objection to Defendant Greg Abbott's Motion to Dismiss but stated she was unable to address the issues raised therein.  By Order dated July 7, 2020, the Court therefore Granted Governor Abbott's Motion to Dismiss with prejudice and rendered final judgment dismissing the case.  Plaintiff thereafter moved to reinstate her case, which the court granted as to Defendant's Eckhardt and Adler who had not yet answered.

*Plaintiff's Claims*

On March 1, 2020, the City of Austin Office of Homeland Security and Emergency Management activated a Level 2 public health advisory with Austin Public Health as the lead agency due to the public health threat presented by COVID-19.  On March 6, 2020, City of Austin Mayor Steve Adler declared a local state of disaster for one week that was extended indefinitely on or about March 10 with the consent and approval of the Travis County commissioners. Since that time, the City of Austin, in conjunction with Travis County and the State of Texas has at various times issued updated orders and guidance to the public in response to the on-going public health crisis.  Plaintiff takes issue with the actions taken by Mayor Adler and other defendants.

Plaintiff filed her Complaint alleging various wrongful acts as well as a criminal enterprise by Defendants based on these and other unspecified actions taken by the defendants in response to the crisis. Plaintiff alleges that Defendants' actions in declaring a disaster, issuing orders, and promulgating information that she believes is false, were taken ill-advisedly at the expense of the

rights of the citizens of Texas as part of a criminal enterprise meant to somehow enrich Defendants monetarily.  Plaintiff seeks hundreds of thousands of dollars in damages.

Plaintiff enumerated seven claims in her complaint based on allegations of criminal and terroristic conspiratorial acts on the part of the defendants that she alleged deprived her of various rights and freedoms.  Defendant Abbott summarized those claims as follows and Defendant Adler adopts and incorporates Defendant Abbott's summation herein:

TABLE 1.

| CLAIM # | DESCRIPTION | CITATION |
|---|---|---|
| Claim 1 | Violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961) | Doc. #1, 24–25 [¶¶ 168–78] |
| Claim 2 | Aiding and Abetting Primary Contravention of RICO Section 1962(c) (18 U.S.C. § 1962) | Doc. #1, 25–26 [¶¶ 179–83] |
| Claim 3 | Aiding and Abetting a RICO Section 1962(d) conspiracy in contravention of RICO Section 1962(c) (18 U.S.C. §§ 2(a)–(b) and §§ 1962(c)–(d)). | Doc. #1, 26–27 [¶¶ 184–86] |
| Claim 4 | Deprivation of civil rights under 42 U.S.C. § 1983, § 1985, § 1986<br>• First Amendment (establishment clause and free exercise clause) to United States Constitution<br>• Fourth Amendment (unreasonable searches and seizures) to the United States Constitution<br>• Fifth Amendment (due process) to the United States Constitution<br>• Eighth Amendment (cruel and unusual punishment[5]) to the United States Constitution<br>• Fourteenth Amendment (due process[6]) to the United States Constitution<br>• Article I, Section 19 of the Texas Constitution[7]<br>• International Covenant on Civil and Political Rights | Doc. #1, 27–28 [¶¶ 187–91] |
| Claim 5 | Fraud (state tort) | Doc. #1, 28 [¶¶ 192–94] |
| Claim 6 | Intentional Infliction of Emotional Distress (state tort) | Doc. #1, 28–29 [¶¶ 195–200] |
| Claim 7 | Deceptive Trade Practices (state law) | Doc. #1, 29–30 [¶¶ 201–05] |

None of the claims of criminal activity or unlawful conduct raised by Plaintiff are supported by allegations of verifiable facts or indicia of credibility because they are primarily

either bare bones allegations of wrong-doing or they are acts that in most contexts would not be considered criminal, such as issuing orders and disseminating information.

Plaintiff further alleged no specific injuries or damages other than general trauma and emotional distress despite requesting "treble damages" under the provisions of the RICO Act. Plaintiff's complaint primarily appears to be based on her conflicting interpretation of the state of the pandemic and the information publicly available regarding COVID-19. It is filled with speculation regarding alleged conspiratorial plots between defendants but provides no evidentiary pathways to verify such claims. In short, her allegations and claims conclusively show that she is not entitled to relief and her claims against Mayor Adler should be dismissed with prejudice.

## II.     LEGAL STANDARDS

### Rule 12(b) Motions to Dismiss for Lack of Jurisdiction and Failure to State a Claim

#### A.     Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Rule 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction. *Fed. Rules Civ. Proc.*, Rule 12(b)(1). The court must dismiss "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiffs must overcome an initial presumption that the federal court lacks subject matter jurisdiction and have the burden to allege acts that affirmatively demonstrate the court's jurisdiction. *City of Austin v. Ender*, 30 S.W.3d 590, 593 (Tex.App.—Austin 2000).

The party seeking the exercise of jurisdiction must allege in his pleading facts essential to show jurisdiction exists. *In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400 (9th Cir. 1983); *Penteco Corp. Ltd. Partnership—1985A v. Union Gas System, Inc.*, 929 F.2d 1519 (10th Cir. 1991). The Court then examines the face of the complaint to determine whether such facts

have been sufficiently and adequately pleaded. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240 (10th Cir. 2001). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015).

Herein, Plaintiff has failed to allege sufficient facts in her pleading to show jurisdiction exists.  Further, Plaintiff's claims as alleged show she is unable to validly establish jurisdiction due to a lack of standing and/or Mayor Adler's statutory and common law immunity.

### B.      Rule 12(b)(6) Failure to State a Claim

Rule 12(b)(6) asks a court to dismiss a complaint for failure to state a claim upon which relief can be granted." *Fed. Rules Civ. Proc.*, Rule 12(b)(6).  The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Iqbal,* at 678.  Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Plaintiff has pleaded only conclusory allegations and although she enumerates a laundry list of complaints in a "throw-everything-against-the-wall-and-see-what-sticks" strategy, each suffers from at least one—and in some cases multiple—flaw(s) that is fatal to the claim advanced.

### III. ARGUMENT AND AUTHORITIES

#### A. *Official Immunity Applies to All Claims Against Mayor Adler in his Individual Capacity*

Plaintiff sued Defendant Adler in both his individual and official capacity. *See Id.*, 3 [¶ 22]. Plaintiff's claims directed against Mayor Adler in his individual capacity are barred by official immunity. In Texas, official immunity is a common-law defense that protects public officials from individual liability. *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004). Official immunity is substantially the same as federal qualified immunity in that State actors are generally immune from suit for matters arising from the performance of their discretionary duties, as long as they are acting in good faith and within the scope of their authority. *See Strain v. Kaufman County Dist. Attorney's Office*, 23 F. Supp. 2d 685, 693 (N.D. Tex. 1998).

Qualified (official) immunity is immunity from suit rather than a mere defense to liability. The doctrine was designed to ensure that insubstantial claims against government officials will be resolved prior to discovery. *Id.* If raised in a motion to dismiss, the defendant's conduct as alleged in the complaint is scrutinized and if the Plaintiff has not alleged a violation of a clearly established constitutional right, the claim does not overcome the Official's qualified immunity. *Wright v. Brady*, CIV.A. H-06-2021, 2006 WL 2371327, at *2 (S.D. Tex. Aug. 15, 2006).

Official immunity balances the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009). Therefore, "even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir.1999). Qualified immunity applies even when a government official makes an error, whether

such error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Id.* (internal citations omitted).

Plaintiff's Complaint makes conclusory allegations that her rights were violated or denied, and she complains of losses and injuries to the people of Texas (but does not allege a basis whereby she may assert claims on their behalf). While most of Plaintiff's claims are so vague it is unclear as to what right was violated or denied, she did allege that she was deprived of the right of association. She then explains the association she sought was for the purpose of acquiring "herd immunity" presumably to COVID-19. *See* Doc. 1, 29 [¶ 198]. The right of association is a constitutional right in certain circumstances, but the right to associate with others for the purpose of acquiring "herd immunity" to a disease is certainly not one that is clearly established. *See Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986) (holding that a governmental defendant is entitled to immunity if the violation is not objectively obvious, or officials of reasonable competence could disagree on the issue).

Even if such a right were clearly established, Plaintiff further failed to explain which specific acts or conduct by Defendant or Defendants deprived her of this right. In fact, Plaintiff failed to allege that any particular act of Mayor Adler violated or denied any of her clearly established constitutional rights. The acts Plaintiff complained of that she attributed either by-name to Mayor Adler or attributed to "the enterprise" in general[1] are as follows:

  i. Declaring an emergency based on the COVID-19 pandemic. *See* Doc. #1.  [¶¶ 6, 13, 14, 141, 158, 189].

  ii. Issuing Orders related to COVID-19. *See Id*. [¶¶ 35, 72, 115, 120, 160, 170, 173].

---

[1] Plaintiff also alleged defendants committed crimes or violated hers or others' rights with no context whatsoever. The unspecified acts and conduct upon which such claims were based amount to no more than bare-bones accusations of generalized wrong-doing and were omitted for brevity.

    iii. Holding of press conferences and distribution of propaganda via mails and wires; misrepresentation of the truth; issuance of deceptive instruments. *See Id.* [¶¶ 30, 160, 170, 173, 176, 193, 201].

    iv. "Failing to provide adequate testing." *See Id.* [¶ 126].

    v. "Forcing churches to close and decreeing that they [sic] could not worship as usual." *See Id.* [¶ 146].

    vi. "Updating of the COVID-19 deaths." *See Id.* [¶ 161].

Each of the acts described above—even if they had been taken by Mayor Adler, which is not conceded—could and would only have been taken in his official capacity as the mayor of the City of Austin. Further, all the actions complained of, even as alleged, would have been taken in response to the public health crisis.

Because "common law official immunity is based on the necessity of public officials to act in the public interest with confidence and without the hesitation that could arise from having their judgment continually questioned by extended litigation," this is exactly the type of case for which immunity was established. *Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 424 (Tex. 2004); *also see Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994), ("[t]he public would suffer if government officials, who must exercise judgment and discretion in their jobs, were subject to civil lawsuits that second-guessed their decisions.")

Thus, even if the above actions had all been taken by Mayor Adler, Plaintiff failed to allege the violation of one or more of her clearly established constitutional rights, failed to tie the conduct of Defendant Adler to the violation of any such right, and failed to show that Mayor Adler's actions were objectively unreasonable in light of the on-going public health crisis and failed to show, if taken imprudently, they were not just an error in judgment. Since she has failed to meet any of these requirements, Defendant Adler is entitled to official immunity in his individual capacity and because official immunity is a bar to suit, Plaintiff's claims against him in this regard all fail for lack of subject matter jurisdiction.

### B. *Mayor Adler is Entitled to Dismissal of All Plaintiff's State Law Claims*

In addition to her other claims, Plaintiff alleged the tort of intentional infliction of emotional distress against Mayor Adler and also made allegations, albeit vague and ill-defined, of state law fraud and of violations of the Texas Deceptive Trade Practices Act. *See* Doc. 1, 28-29 [¶ 193, 196, 201-203]. Mayor Adler is entitled to dismissal of these claims upon his motion.[2]

In Texas, if a plaintiff sues a person in his official capacity, the plaintiff is attempting to impose liability on the governmental unit the official represents. *See Zellers v. Cortez*, 13-09-00596-CV, 2010 WL 1839280, at *3 (Tex. App.—Corpus Christi May 6, 2010, no pet.). The individual sued may therefore claim the benefits of both sovereign and official immunity if applicable. *Id*. As discussed above, Mayor Adler was sued in both his official and individual capacities. All claims against Mayor Adler in his individual capacity must be dismissed for the reason specified above. Mayor Adler is also entitled to the dismissal of all state law claims against him in any capacity under Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

Plaintiff's state law claims against Mayor Adler could have been brought against the City of Austin under the Texas Tort Claims Act.[3] Because of this, "a defendant is entitled to dismissal under section 101.106(f) upon proof that the plaintiff's suit (1) was based on conduct within the general scope of the defendant's employment with a governmental unit and (2) could have been

---

[2] Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f): If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee *shall be dismissed* unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. (emphasis added)
[3] [The] TTCA also covers all tort theories that may be alleged against a governmental entity whether or not it waives that immunity. *See Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 415 (5th Cir. 2015) citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (Because the TTCA is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, are assumed to be under the TTCA for purposes of section 101.106).

brought against the government unit under the Tort Claims Act." *Hopkins v. Strickland*, 01-12-00315-CV, 2013 WL 1183302, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.). The statute strongly favors dismissal of governmental employees. *Id.* An official acts within the scope of his authority if he is discharging the duties generally assigned to him. *Tipps v. McCraw*, 945 F. Supp. 2d 761, 766 (W.D. Tex. 2013). This is true even if the employee acts in part to serve the employee's or a third party's interest. *Hopkins,* 2013 WL 1183302 at *3. An employee's act is not within the scope of employment if it is an independent course of conduct not intended by the employee to serve any purpose of the employer. *Tipps*, 945 F. Supp. 2d at 766 (quoting Restatement (3d) of Agency § 7.07).

Mayor Adler is a governmental employee who represents and is employed by the City of Austin. In her petition, Plaintiff states that the reward sought by Mayor Adler was "at least $917,500,000 between Travis County and City of Austin in federal funding." Doc. #1, 23, [¶ 157]. Thus, Plaintiff's own pleadings, even if taken as true, show that Mayor Adler's actions were taken to serve the purpose of his employer, the City of Austin.

Plaintiff's remaining allegations regarding the actions of Mayor Adler, even if taken as true, are based on conduct and acts within the general scope of his employment with the City of Austin that could only have been taken in his official persona. If the alleged actions also served Mayor Adler's personal interests to be safe from COVID-19 and generate public support for his position, this is still an official act for which immunity applies. Thus, Mayor Adler has statutory

immunity under Tex. Civ. Prac. & Rem. Code § 101.106 for these state law claims[4] and is entitled to mandatory dismissal because the claims could have been brought against the City of Austin.[5]

### C. *No Standing for RICO Claims (#1-3)*

To the extent there are remaining federal law claims against Defendant Adler, he respectfully responds and shows the Court Plaintiff has no standing. Plaintiff styles her action as a "civil RICO claim." *See* Doc. 1, 1 [¶1]. The RICO Act provides a private cause of action for any person injured in her business or property by reason of a violation of the criminal provisions of the Act found in § 1962 of the Act. *See* 18 U.S.C. § 1964(c); *Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 6, 130 S. Ct. 983, 987, 175 L. Ed. 2d 943 (2010).

The fact that Plaintiff made a RICO claim is not a grant of standing or a grant of federal jurisdiction in and of itself. Whether standing exists to even assert a RICO claim in the first place entails a two-part inquiry: first there must be a determination as to whether any non-RICO standing requirements apply and have been satisfied; and second, if non-RICO standing requirements have been met (or if none apply) the RICO plaintiff must show she suffered injuries by reason of the commission of a predicate act. *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 746 (5th Cir. 1989). The Supreme Court has established that a plaintiff's injury must be proximately caused by the RICO violative acts, and "the plaintiff only has standing if, …[she] has been injured in [her] business or property by the conduct constituting the violation." *Id.,* 473 U.S. at 496, 105 S.Ct. at 3285. *Jones v. Enter. Rent A Car Co. of Tex.*, 187 F. Supp. 2d 670, 676 (S.D. Tex. 2002). A link between the injury and the alleged cause that is too remote, purely contingent,

---

[4] Mayor Adler notes that § 101.106(f) also protects employees in their individual capacities if acting within the scope of employment, as the Texas Supreme Court held in *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). Although this may cut off an avenue of recovery for plaintiffs, this result is exactly what the Texas legislature intended. *Id*. at 384. *Tipps*, 945 F. Supp. 2d at 767.
[5] See FN 4.

or indirect would be insufficient to establish proximate cause. *Flores v. Koster*, 3:11-CV-0726-M-BH, 2014 WL 1243676, at *7 (N.D. Tex. Mar. 25, 2014).

Plaintiff has not properly alleged standing because RICO does not apply to claims for other types of injuries not related to a plaintiff's business or property. *Allman v. Philip Morris, Inc.*, 865 F. Supp. 665, 667 (S.D. Cal. 1994). There can be no recovery under RICO for *personal* injuries. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 FN20 (5th Cir. 1998) (emphasis added).

Plaintiff failed to allege she was injured in her business or property. As shown in TABLE 1 above, Plaintiff alleged seven overall claim categories with the first three related to RICO Act (18 USC § 1961) allegations. The injuries alleged in relation to these claims are: "irreparable harm" (*see* Doc. 1, 2 [¶10]); "the taking of Plaintiff's civil liberties and freedoms as enumerated in 18 USC 1961" (*see Id.*, 2 [¶11]); the forcible taking of "Plaintiff's rights, liberties and freedom" (*see Id.*, 2 [¶16]); "harm" (*see Id.*, 2, [¶17]; "substantial and serious injury" (*see Id.*, 25 [¶178]); "lost use of Plaintiff's freedoms and liberties which are priceless" (*see Id.*, 26 [¶183]).; and deprivation of her "property, freedom and liberty interests acting under color of law" (*see Id.* 27 [¶188]).

None of these claims show Plaintiff was injured in her business or property by Defendants' conduct. While one claim at least mentions the word "property," it is only in relation to the "deprivation" of some undefined property and is not tied to the conduct of any particular defendant.

Thus, Plaintiff's "conclusional allegations, unaccompanied by assertions of even general facts" to show an actual injury to Plaintiff's business or property fail to satisfy the RICO standing requirement. *See Price v. Pinnacle Brands, Inc*., 138 F.3d 602, 606 (5th Cir. 1998); *also see Flores*, 3:11-CV-0726-M-BH, 2014 WL 1243676, at *6 (The injury must be concrete and an actual loss of [Plaintiff's] own money).  Plaintiff has not met standing requirements for Claims 1-3.[6]

---

[6] Even if Plaintiff had alleged a valid RICO injury, she failed to allege Defendants' conduct or "predicate acts" caused her injury other than by vague and conclusory assertions

D.  *No Standing for Remaining Claims (#4-7).*

"Before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Diaz ex rel. Diaz v. Mayor of Corpus Christi*, 121 Fed. Appx. 36, 38 (5th Cir. 2005). The constitutional minimum of standing consists of three elements: [T]the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548, (internal quotations omitted). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.*  Plaintiff has offered no allegations of any specific particularized or concrete injury. It is not enough to simply allege numerous statutory violations because standing requires a concrete injury even in the context of a statutory violation. *Id.* at 1549.  For this reason, Plaintiff may not allege a "bare procedural violation, divorced from any concrete harm" to satisfy the standing requirement. *Id.*  Plaintiff attempts to do exactly this by alleging unconstitutional conduct by the individual defendants and then making conclusory allegations that her rights and freedoms were violated and/or lost.  Plaintiff also alleges general losses by Texans and unspecified "Citizens" but does not state she is suing on their behalf and also fails to tie any of the alleged conduct of Defendant Adler to any specific injury or loss of right that she alleges to have suffered. This is not a valid allegation of facts necessary to support standing and therefore is fatal to her claims.

Assuming for the purposes of this motion that her invocation of the other statutory violations she alleged[7] were cognizable, which is otherwise denied, Plaintiff lacks standing to bring those claims as well for want of a cognizable injury.

### E. *Plaintiff Has Failed to State Claims Upon Which Relief Can Be Granted*

It is axiomatic that the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  However, the plaintiff must also plead sufficient facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must not only allege, but also show, that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "The Court looks not simply at conclusory allegations, but also at the specific facts alleged to support them and whether those facts establish a plausible claim to relief." *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 753 (S.D. Tex. 2016).

Plaintiff's claims are simply not plausible.  The allegations of a criminal conspiracy and terroristic acts by and between the chief executives of each level of government to defraud and terrorize Texans were made without citing any specific acts and otherwise have absolutely no indicia of credibility.  The motivation alleged, of obtaining billions of dollars in federal funding for the state, the county, and the city, is decidedly not a criminal motive.  Even if Plaintiff's claims were plausible, however, they are not pleaded with sufficient particularity to be cognizable under

---

[7] Plaintiff alleged violations of the "Sherman Antittrust Act and the Clayton Act," (See Doc. 1, 3 [¶23]) but did not allege an anti-trust injury necessary to sustain such a claim. Antitrust injury is necessary for a Sherman Act claim and is inferred from Section 4 of the Clayton Act. *See* 15 U.S.C. § 15(a). Antitrust injury is "injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *Suarez v. iHeartMedia + Entm't, Inc.*, SA-18-CV-1237-XR, 2019 WL 286186, at *2 (W.D. Tex. Jan. 22, 2019). Plaintiff also invoked the "Patriot Act," which does not authorize Plaintiff a private cause of action.

the law.  For example, Plaintiff brought her constitutional rights violations claims under 42 U.S.C. §§ 1983, 1985, and 1986.  Plaintiff failed to make a cognizable claim under §1983 because she did not allege specific acts by Mayor Adler that deprived her of a specific right or rights.[8]

To state a claim under § 1985(2) or (3), a Plaintiff must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprives him of a right or privilege of a United States citizen. *Pickett v. Williams,* 3:17-CV-557-C-BH, 2019 WL 3021196, at *6–7 (N.D. Tex. June 24, 2019), report and recommendation adopted, 3:17-CV-557-C-BH, 2019 WL 3006985 (N.D. Tex. July 10, 2019) *citing Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994); *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). She must further allege that the conspirators were motivated by a protected class. *Horiast v. Doctor's Hosp. Of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001); *also see Thomas v. State*, 294 F. Supp. 576, (N.D. Tex. Feb. 13, 2018), *rec. adopted* 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (dismissing § 1985 claim for failure to state a claim where plaintiff did not allege that a conspiracy was motivated by race or class-based animus).

Thus, without showing the deprivation of a federally protected right caused by action taken pursuant to an official policy, Plaintiff's pleadings do not amount to a cause of action under §1983 or §1985.  And, because §1986 claims require a §1985 conspiracy to exist, Plaintiff has necessarily failed to state a cognizable cause of action under §1986.

---

[8] "For a *Monell* [1983] claim to survive a motion to dismiss, the plaintiff must plead specific facts…" and "cannot survive if the only alleged facts describe the event giving rise to the cause of action." *Banks v. Howard County*, 1:19-CV-217-H, 2020 WL 5038613, at *5 (N.D. Tex. Aug. 26, 2020).

Throughout her complaint, Plaintiff failed to allege facts sufficient to meet pleading requirements and failed to allege specific actions on the part of Mayor Adler that would amount to violation of her rights. Further, the facts as alleged do not have sufficient indicia of credibility or plausibility. Because of this, all her claims are subject to dismissal.

## IV.     CONCLUSION AND PRAYER

Plaintiff, using a scattershot approach, made a host of conclusory allegations regarding wrongful acts on the part of defendants and rights that were violated; she then alleged a laundry list of various statutory and constitutional provisions for bringing causes of action against governmental entities without tying any of the acts committed to the rights violated or explaining why the various law cited applied. However, even assuming her facts were correct, it is clear that Mayor Adler's actions were taken in his official capacity on the advice of public health officials and experts in response to the danger posed by the COVID-19 pandemic.

Plaintiff, a private citizen with no alleged specialized credentials and no alleged expert advice or counsel, now seeks to use the court to second guess the considered decisions of Mayor Adler, an elected government official, based on nothing more than her own conjecture and speculation. Plaintiff also seeks to enrich herself in the process requesting "$100,000 per day or a more substantive amount," "treble damages," and "punitive damages," as well as costs and attorneys' fees without alleging a single concrete or particularized injury capable of redress.

Plaintiff has no standing to bring her suit because she failed to allege an actual injury; and also due to Mayor Adler's official immunity, statutory immunity, and his derivative governmental immunity. Thus, this court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Plaintiff further failed to allege facts that would state a cognizable cause of action under the law.

For these reasons, Defendant Adler respectfully requests Plaintiff's claims against him be dismissed to protect further public funds and resources from being wasted to defend a frivolous

and ill-advised action, especially in the midst of a public health pandemic that has already depleted the coffers of state and local governments. Defendant Adler prays for any and all such further relief he is duly entitled to under the law or at equity.

        RESPECTFULLY SUBMITTED,

        ANNE L. MORGAN, CITY ATTORNEY
        MEGHAN L. RILEY, LITIGATION DIVISION CHIEF

        /s/  David May
        DAVID MAY
        Assistant City Attorney
        State Bar No. 24092778
        david.may@austintexas.gov
        City of Austin - Law Department
        P. O. Box 1546
        Austin, Texas 78767-1546
        Telephone:  (512) 974-2342
        Facsimile:   (512) 974-1311

        **ATTORNEYS FOR DEFENDANT ADLER**

# CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 8th day of September, 2020.

**Via Regular Mail and by Certified Mail No. 9489 0090 0027 6244 7620 07 to:**

Dessie Maria Andrews
6715 Skynook Drive
Austin, Texas 78745
Telephone: (512) 4167139
Dessie.andrews@gmail.com

**PRO SE PLAINTIFF**

                                              /s/ David May
                                              DAVID MAY