# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DESSIE MARIA ANDREWS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:20-cv-0608-LY-SH** |
| | § | |
| **SARAH ECKHARDT and** | § | |
| **STEVE ADLER,** | § | |
| *Defendants* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE LEE YEAKEL
### UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Steve Adler's Motion to Dismiss for Lack of Subject Matter

Jurisdiction and Failure to State a Claim, filed September 8, 2020 (Dkt. 20); Defendant Sarah

Eckhardt's Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) Motion to Dismiss, also filed

September 8, 2020 (Dkt. 21); Plaintiff Dessie Maria Andrews's Motion to Show Authority, filed

October 7, 2020 (Dkt. 31); and the associated response and reply briefs.[1] On October 14, 2020, the

District Court referred all pending and future motions in this case to the undersigned Magistrate

Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of

Appendix C of the Local Rules of the United States District Court for the Western District of Texas

("Local Rules"). Dkt. 32.

---

[1] Andrews requests a hearing. Dkt. 24 at 3. Pursuant to Local Rule CV-7(h), the Court finds this matter
suitable for disposition without a hearing. Accordingly, Andrews's request for a hearing is **DENIED**.

## I.   Background

Plaintiff Dessie Maria Andrews, acting *pro se*, filed this suit on June 8, 2020, alleging that Defendants Governor Greg Abbott, Travis County Judge Sarah Eckhardt, and Austin Mayor Steve Adler violated numerous federal and state laws by their alleged actions during the COVID-19 pandemic. Andrews alleges that Abbott, Eckhardt, and Adler adopted social-distancing and face-masking recommendations promulgated by the Centers for Disease Control and Prevention and the National Institute of Allergy and Infectious Diseases without reviewing their underlying medical and scientific validity. Dkt. 1 ¶¶ 41-48. Andrews contends that these actions were based on a "hoax" and flawed epidemiological modeling. *Id.* ¶¶ 50, 66. Andrews further alleges that adoption of the recommendations and issuance of emergency orders constituted a criminal enterprise "that stripped plaintiff of her peaceful way of life, her liberty, her freedom, and her protected Rights." *Id.* ¶ 119. Andrews brings claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), aiding and abetting RICO violations, conspiracy to commit RICO violations, and deprivation of civil rights under 42 U.S.C.§§ 1983, 1985, 1986, as well as fraud, intentional infliction of emotional distress, and deceptive trade practices. *Id.* ¶¶ 168-205.

On June 18, 2020, Abbott filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkt. 4. The Court granted Abbott's motion after Andrews abandoned her claims and entered final judgment, dismissing the case with prejudice. Dkts. 9-10. Andrews then filed a motion to reinstate her complaint. Dkt. 12. The Court granted the motion against Eckhardt and Adler, who had not answered before the Court dismissed the case. Dkt. 17. Eckhardt and Adler (collectively, "Defendants") now seek dismissal of Andrews's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

## II.     Legal Standards

A party seeking to challenge the court's subject-matter jurisdiction to hear a case may file a motion under Rule 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other motions under Rule 12, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### A.  Rule 12(b)(1) Lack of Subject Matter Jurisdiction

The party claiming federal subject-matter jurisdiction must show that the court indeed has that jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. *Home Builders*, 143 F.3d at 1010. In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The trial court is "free to weigh the evidence and satisfy itself" that subject-matter jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B.  Rule 12(b)(6) Failure to State a Claim

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter

"to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

*Pro se* complaints are construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a party's *pro se* status does not offer her an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.   Analysis

#### A.  Motions to Dismiss

The Court addresses the motions to dismiss jointly. First, Defendants seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). Defendants contend that Andrews lacks standing because she has not sufficiently alleged that she has suffered an injury-in-fact and has not

demonstrated a causal connection between any alleged injury and Defendants' actions. Dkt. 20 at 11-14; Dkt. 21 at 3-4, 7-8.

Standing is a component of subject matter jurisdiction that is properly raised by a motion to dismiss under Rule 12(b)(1). *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant," rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). Redressability requires that it is likely, "as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). The party invoking federal subject matter jurisdiction bears the burden of establishing each element. *Ramming*, 281 F.3d at 161.

Andrews styles her action as "a civil RICO claim," Dkt. 1 ¶ 1, and alleges the following injuries:

1. "The damage these bureaucrats have caused to Texas . . . ." (Dkt. 1 ¶ 75);

2. the "cost to small businesses which did not survive the forced closure" (*id.* ¶ 76);

3. "a loss of between $400 and $500 million dollars to the Austin/Travis County economy" resulting from the cancellation of the annual South by Southwest Conference (*id.* ¶¶ 77-79);

4. the "cost to the 116,410 Texans who filed for unemployment in March and April when their jobs were deemed non-essential and businesses were forced to close" (*id.* ¶ 81);

5. "The over-all devastation to the Texas economy . . . ." (*id.* ¶ 82); and

6. "the cost of closing the courts" (*id.* ¶ 84).

Andrews also alleges that Defendants have violated "her liberty, her freedom, and her protected Rights," causing her to suffer "damages arising from lost use of Plaintiff's freedoms and liberties which are priceless." *Id.* ¶¶ 119, 183.

Andrews's allegations do not establish injury-in-fact for a civil RICO claim. The RICO Act provides a private cause of action for any person injured in her business or property due to a violation of the criminal provisions of § 1962 of the Act. 18 U.S.C. §1964(c); *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 6 (2010). The Supreme Court has stated that a RICO plaintiff has standing only if "he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *see also Nat'l Enters., Inc. v. Mellon Fin. Servs. Corp. No. 7*, 847 F.2d 251, 254-55 (5th Cir. 1988) (affirming dismissal of RICO claim due to lack of standing where defendant lacked cognizable injury resulting from RICO violation).

Andrews fails to allege that she personally has suffered any injury to her business or property resulting from Defendants' alleged actions; rather, she alleges injuries suffered by the State of Texas, Travis County, the City of Austin, and the public generally. Her injury allegations therefore are insufficient to provide standing for a RICO claim. *See Redmeat Media v. Strategic Am., Inc.*, Civil No. SA-13-CV-347-FB, 2013 WL 12131904, at *15 (W.D. Tex. Nov. 21, 2013) (recommending dismissal of RICO claim where complaint contained "repetitious, generalized, conclusory assertions," not particularized facts establishing injury to plaintiffs' business or property), *R. & R. adopted*, 2014 WL 12589586 (W.D. Tex. Jan. 8, 2014).

Andrews also fails to establish standing for her remaining claims, which include violations of 42 U.S.C. § 1983, fraud, intentional infliction of emotional distress, and deceptive trade practices. Dkt. 1 ¶¶ 187-205. "The doctrine of standing asks whether a litigant is entitled to have a federal

court resolve his grievance." *Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004). Generally, a party

must assert her own legal rights and interests, and cannot rest her claim to relief on the legal rights

or interests of third parties. *Id.* at 129. The rule is rooted in the concern that the courts might be

"called upon to decide abstract questions of wide public significance even though other

governmental institutions may be more competent to address the questions and even though

judicial intervention may be unnecessary to protect individual rights." *Id.* (citing *Warth v. Seldin*,

422 U.S. 490, 500 (1975)). A party seeking standing to assert rights for the third party must show

(1) a "close" relationship with the person who possesses the right the party seeks to enforce, and

(2) that there is a "hindrance" to the possessor's ability to protect his own interests. *Id.*

Here, Andrews alleges that she is asserting claims for injuries suffered by the State of Texas,

the Texas economy, small business owners, and over 100,000 Texans who filed for unemployment

in March and April 2020. Dkt. 1 ¶¶ 75-79, 81-82, 84. Andrews does not allege that she has a close

relationship with those whose rights she claims to assert. Nor can she plausibly allege that those

allegedly injured cannot protect their own interests so that she must act on their behalf. Although

Andrews states in her brief that she has family members whose incomes were adversely affected

by cancellation of the South by Southwest Conference in 2020, she gives no reason why her family

members cannot protect their own interests. Dkt. 25 at 5. Consequently, Andrews fails to assert

any facts to support third-party standing.

Andrews does not allege that she personally suffered any injury beyond unspecified violations

of her "rights, liberties, and freedoms" that do not arise from actions of the Defendants and are not

redressable by the Court. Dkt. 1 ¶ 16. In her response, Andrews discusses situations in which she

was made uncomfortable by her refusal to wear a mask, including at movie theaters and other

business establishments. Dkt. 25 at 4-5. Even if the Court considered these to be "injuries" for

purposes of standing, Andrews has not shown causation because these allegations involve actions of parties not before the Court. *See Simon,* 426 U.S. at 41-42 (stating that the "case or controversy" limitation requires a federal court to act only to redress injury that can be traced to the challenged action of the defendant, not injury resulting from the independent action of a third party). Accordingly, Andrews has failed to show she has standing, and the Court recommends that her Complaint be dismissed for lack of jurisdiction. *See Tellez v. Madrigal*, No. EP-15-CV-304-KC, 2016 WL 11212416, at *4 (W.D. Tex. Nov. 5, 2016) ("If it is clear from the face of the complaint that the injury is merely speculative, a plaintiff will not be able to proceed with his claim."); *Beleno v. Lakey*, 306 F. Supp. 3d 930, 942 (W.D. Tex. 2009) (stating that failure to establish any one element of standing deprives court of jurisdiction) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998)).

As Andrews has failed to allege an injury-in-fact to establish standing, the Court need not reach Defendants' alternative arguments for dismissal.

### B.  Motion to Show Authority

Because the Court recommends dismissal of Andrews's Complaint for lack of subject matter jurisdiction, the Court further recommends that the District Court dismiss as moot Plaintiff's Motion to Show Authority (Dkt. 31).

### IV.    Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Steve Adler's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. 20) and Defendant Sarah Eckhardt's Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) Motion to Dismiss (Dkt. 21) and **DISMISS** Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Plaintiff Dessie Maria Andrews's Motion to Show Authority (Dkt. 31).

### V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 12, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE